DJD/JRB: USAO 2020R00733

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

2020 OCT -? : 57

CLERK'S OFFICE
AT GREENBELT
BY_____

CRIMINAL NO. GJH 20cr347

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. |
| STEVEN DARNELL RICHERS, | * | (Conspiracy, 18 U.S.C. § 371; Forfeiture, 18 U.S.C. § 924(d), |
| Defendant | * | 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c)) |

*******

## INDICTMENT

### COUNT ONE
(Conspiracy to Engage in the Business of Dealing in
Firearms and Ammunition without a License)

The Grand Jury for the District of Maryland charges that:

**The Conspiracy**

1.  Between at least in or about January 2019 and in or about March 2019, in the District of Maryland and elsewhere, the defendant,

**STEVEN DARNELL RICHERS,**

did knowingly and intentionally combine, conspire, confederate, and agree with **Co-Conspirator A** and others known and unknown to the Grand Jury to engage in the business of dealing in firearms and ammunition without a license, in violation of 18 U.S.C. § 922(a)(1)(A) and (a)(1)(B).

**Manner and Means of the Conspiracy**

2.  It was part of the conspiracy that members of the conspiracy, including **STEVEN DARNELL RICHERS ("RICHERS")**, obtained and helped to obtain firearms.

3.  It was further part of the conspiracy that members of the conspiracy, including

RICHERS, sold firearms while not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code.

### Overt Acts

4. In furtherance of the conspiracy, and to effect the objects thereof, the defendant and others committed and caused to be committed the following overt acts, among others, in the District of Maryland and elsewhere:

    a. On or about January 22, 2019, **RICHERS** exchanged text messages with **Co-Conspirator A** about firearm trafficking activity and meeting for a transaction.

    b. On or about January 25, 2019, **Co-Conspirator A** sold an unloaded pistol, a Heckler & Koch VP9, in the District of Maryland.

    c. On or about January 26, 2019, **RICHERS** sent a text message to **Co-Conspirator A** that stated in part "I knew you were finna sell that hk lol."

    d. On or about January 27, 2019, **RICHERS** sent a text message to **Co-Conspirator A** that stated in part "Dog! I am an arms dealer I used to even have a license before I got on papers I don't do this shit to break even."

    e. On or about February 6, 2019, **Co-Conspirator A** sold a loaded pistol in the District of Maryland.

    f. On or about March 25, 2019, **RICHERS** exchanged text messages with **Co-Conspirator A** about firearm trafficking activity.

18 U.S.C. § 371

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction on Count One of this Indictment.

### Firearms and Ammunition Forfeiture

2. Upon conviction of the offense alleged in Count One of this Indictment, and incorporated here, the defendant,

**STEVEN DARNELL RICHERS,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the offense, including, but not limited to, the following property recovered from the defendant on or about October 9, 2019, during execution of a federal search warrant in Manassas, Virginia:

    a. 1,727 rounds of assorted ammunition;

    b. Mossberg Model 590 Shockwave 12 Gauge shotgun, bearing serial number V1014249;

    c. Sig Sauer SP 2022 40 caliber pistol, bearing serial number 24B369941; and

    d. Glock Inc. 42 .380 caliber pistol, bearing serial number ACSN583.

**Substitute Assets**

3. If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty,

the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above.

18 U.S.C. § 924(d)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

_____
Robert K. Hur
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date: 10/14/20

4